## COMMONWEALTH *vs.* JEREMIAH SULLIVAN.

An indictment for the abuse of a female child, which avers that the defendant at a certain time and place did assault " one B. C., a female child under the age of ten years," and " her, the said B. C., then and there " did abuse, is not fatally defective, by reason of omitting the words " she then and there being" or other like words, after the first mention of the name of the child; nor by omitting to repeat the age after the second mention of her name.

THE indictment averred that the defendant, at Upton in this county, on the 9th of September 1855, " in and upon one Bridget Collins, a female child under the age of ten years, to wit, of the age of eight years, feloniously did make an assault, and her, the said Bridget Collins, then and there feloniously did unlawfully and carnally know and abuse; against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided."

The defendant, being convicted in the court of common pleas, moved in arrest of judgment, on the ground that no offence was set forth in the indictment. *Morris*, J. overruled the motion, and the defendant alleged exceptions.

*W. F. Slocum*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

METCALF, J. The first objection made to this indictment is, that it does not aver, with the requisite legal certainty, that the

female therein named was under the age of ten years. It is argued that, in order to make a sufficiently express averment of this fact, the additional words " she then and there being" (or words equivalent thereto) should have been inserted between the words " one Bridget Collins " and the words " a female child under the age of ten years." No authority has been cited in support of this objection; nor are these additional words to be found in any precedent set forth in the books of approved forms of indictment, which have come under our observation. In some of those books, the form of an indictment for this offence is precisely like that now before us; and in none of them does the form contain any words which are not in this indictment, except such words as have been adjudged to be unnecessary, or have been declared to be so by our Rev. Sts. *c.* 137, § 14, or by *St.* 1852, *c.* 37, § 3. Off. Cler. Pacis, (2d ed.) 87. Nelson's Justice, (8th ed.) 532. 6 Wentw. Pl. 368. Crown Circ. Comp. (7th ed.) 659. 2 Stark. Crim. Pl. (2d ed.) 431. 3 Chit. Crim. Law, 815. Archb. Crim. Pl. (5th Amer. ed.) 484. Archb. Commitments & Convictions, 64. The form set forth in these books was adopted, and not questioned, in *Commonwealth* v. *Bennet*, 2 Virg. Cas. 235, and in *State* v. *Terry*, 4 Dev. & Bat. 152.

It is further objected, that though it should be held to be sufficiently averred, at first, that the female was under the age of ten years, yet that it is not sufficiently averred that she was under that age at the time of the alleged abuse of her by the defendant; that the words " then and there being under the age of ten years " should have been inserted next after the words " the said Bridget Collins." But no instance is to be found, in which such a repetition of the age of the female is contained in an indictment; and the foregoing authorities are as decisive against this objection as against the first. We were referred, on this point, to the case of *Regina* v. *Martin*, 9 Car. & P. 215, where the first count of the indictment charged the defendant with assaulting " E R., an infant," &c. with intent carnally to know and abuse her, and the second count charged him with doing things (not termed an assault) to " the said E. R." with the same intent; and Patteson J. held that the words " the said E. R." did not import into the

second count the description of E. R. as to her age, but that the second count should have averred that she was an infant, &c. That case is inapplicable to this, as there is only one count in this indictment.

In *Commonwealth* v. *Sugland*, 4 Gray, 7, it was decided that it is not necessary, in an indictment for a rape, to allege the age of the female. But as it is alleged in the present case, we have considered the question whether it is alleged as it ought to be when alleged at all.         *Exceptions overruled*